UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS P. GALLIVAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-2162 |
| ) | Crim. Case No. 13-20054 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER AND OPINION

This matter is now before the Court on Petitioner Gallivan's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion [1] is Denied.

### BACKGROUND

Petitioner pled guilty in a written agreement to one count of aggravated bank robbery (Count 1) and one count of brandishing a firearm during the robbery (Count 2). As a result of the Plea Agreement, he received credit for acceptance of responsibility, a sentencing recommendation from the Government with a capped maximum, and a sentence of 12 months and 1 day on Count 1 and 84 months consecutive on Count 2. In exchange for these benefits, Gallivan waived his right to collaterally attack his sentence. He now brings this § 2255 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015), arguing that the prior conviction for brandishing a firearm no longer qualifies as a "crime of violence." This Order follows.

### STANDARD OF REVIEW

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or

1

result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude*.*" *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

### ANALYSIS

Petitioner claims in his § 2255 Motion that his sentence is invalid because the Court found that he was eligible for a consecutive, mandatory sentence based on a finding that he had committed a crime of violence under 18 U.S.C. § 924(c). Initially, the Court must address whether Gallivan's collateral attack waiver bars consideration of the present motion.

Appeal and collateral attack waivers contained in plea agreements are generally enforceable. *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). That being said, there are a few exceptions to this general rule; plea waivers are not enforceable if they are involuntary, if the sentence exceeds the statutory maximum, if the court relied on a constitutionally impermissible factor, or if there was ineffective assistance of counsel with respect to the negotiation of the plea agreement. *Id*., at 964-66; *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000); *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Gallivan does not assert any of these exceptions. In fact, Gallivan does not even mention his Plea Agreement or waivers, much less provide any argument as to ineffective assistance or involuntariness.

Paragraph 34 of the Plea Agreement provides as follows:

> The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant mayor may not have received from the defendant's attorney regarding this right.  Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, including an agreement to be sentenced to a specific sentence as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his Plea Agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.  The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the defendant is sentenced as set forth in this Plea Agreement, excepting only those claims that relate directly to the negotiation of this waiver itself.

Gallivan then agreed to representations regarding the voluntariness of the waivers in Paragraph 35.

> The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant and asks the Court to accept this waiver so he can receive the full benefit of this agreement.

Finally, before signing, he agreed to statements in Paragraph 42 of the Plea Agreement indicating the informed and voluntary nature of the entire plea, including the waiver provisions.

> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Carlton M. Kagawa. I fully understand this agreement and accept and agree

3

>to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."
>
>I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written Plea Agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.
>
>I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in it's entirety.
>
>I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Magistrate Judge Bernthal then entered a Report & Recommendation dated January 17, 2014, in which he found that Gallivan's guilty plea was knowing and voluntary, which was subsequently adopted by Judge McCuskey.

    Based on consideration of these representations by Gallivan, which are entitled to a presumption of verity, as well as the lack of any contrary assertions in the § 2255 motion, the Court finds that Gallivan has failed to demonstrate that his collateral attack waiver should not be enforced. *United States v.* Barnes, 405 F.3d 634, 636-37 (7th Cir. 2005) (finding that plea waivers are enforceable even where there is an unforeseen change in the law in favor of the defendant after sentencing); *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009). Enforcement of the waiver bars any further consideration of his § 2255 motion. That being said, in an abundance of caution given the changing landscape of precedent in the wake of *Johnson*, the Court will alternatively address the merits of the motion.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). The residual clause of the ACCA struck down by the Supreme Court has been extended to the residual clause in 18 U.S.C. § 16(b), which is similar to the definition applied in § 924(c)(3)(B). In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

Petitioner's Motion seeks to invoke *Johnson*, claiming that the holding in that case necessarily rendered the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. *Johnson* invalidated only the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). However, the Seventh Circuit has applied *Johnson* to the definition of "crime of violence" in 18 U.S.C. § 16(b), which is nearly identical to the language in § 924(c)(3)(B). *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015). Accordingly, it is plausible that the reasoning of *Johnson* applies to the residual clause in § 924(c)(3)(B) and renders it unconstitutionally vague, and the Seventh Circuit has assumed as much without specifically deciding the issue. *United States v. Armour*, ___ F.3d ___, 2016 WL 6440383, at **2-3 (7th Cir. Nov. 1, 2016).

That being said, the record indicates that Petitioner would not be entitled to relief as the underlying crime at issue here is federal bank robbery, which qualifies as a crime of violence under 18 U.S.C. § 16(a)(1) rather than the residual clause, as it "has as an element the use, attempted use, or threatened use of physical force against the person of another." This

5

conclusion was essentially confirmed by the Seventh Circuit with respect to the crime of attempted armed bank robbery in holding that "the federal crime of attempted armed bank robbery qualifies as a crime of violence under the 'elements' clause of the definition, which is not unconstitutionally vague." *Armour*, ___ F.3d ___, 2016 WL 6440383, at *2 (7th Cir. Nov. 1, 2016), *citing United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991)(holding that "[a] defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.")  This was so even though the defendant did not actually enter the bank during the attempted robbery. *Id.*, at **2-3. Accordingly, convictions qualifying under the elements clause were unaffected by the holding in *Johnson*. *Id.*  As bank robbery was necessarily a crime of violence, the Seventh Circuit also affirmed the defendant's conviction for "using or brandishing a firearm during and in relation to a 'crime of violence'" against a *Johnson* challenge. *Id.*, at *5.[1]

Gallivan would therefore not be entitled to relief under *Johnson* even if he were not barred by the waivers in his Plea Agreement from bringing this collateral attack.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, even when the questions of waiver, as well as applicability and retroactivity of *Johnson* to cases under different statutes on collateral review, are construed in his favor, no

---

[1] The Court notes that Gallivan does not make the other challenge to his 924(c) conviction that was made in *Armour*, namely that there were insufficient facts to support the seven-year mandatory minimum sentence for brandishing a firearm. *See*, *United States v.* Armour, ___ F.3d ___, 2016 WL 6440383, at **5-6 (7th Cir. Nov. 1, 2016).

reasonable jurist could conclude that Petitioner's claims were not either devoid of factual support or flatly contradicted by Federal law. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DENIED. This matter is now terminated.

ENTERED this 4th day of November, 2016.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge